Approved: _____
PATRICK R. MORONEY
Assistant United States Attorney

Before:  THE HONORABLE STEWART D. AARON
         United States Magistrate Judge
         Southern District of New York

**21 MAG 3689**

------------------------------------X
                                    :
UNITED STATES OF AMERICA            :   **COMPLAINT**
                                    :
          - v. -                    :   Violations of
                                    :   18 U.S.C. §§ 1951,
DANGELO DAVIS,                      :   924(c)(1)(A)(iii), and
                                    :   2
                  Defendant.        :
                                    :   COUNTY OF OFFENSE:
                                    :   NEW YORK
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JOHN KACZOR, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and charges as follows:

**COUNT ONE**
(Hobbs Act Robbery)

    1.  On or about November 30, 2020, in the Southern District of New York and elsewhere, DANGELO DAVIS, the defendant, did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DAVIS committed an armed robbery of a convenience store located on Fifth Avenue in New York, New York (the "Convenience Store").

        (Title 18, United States Code, Sections 1951(a) and 2.)

**COUNT TWO**
(Firearms Use, Carrying, and Possession)

    2.  On or about November 30, 2020, in the Southern District of New York and elsewhere, DANGELO DAVIS, the defendant, during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which firearm was discharged during the robbery charged in Count One of this Complaint.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I am a Special Agent with ATF, and I have been personally involved in the investigation of the charges described above. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement officers, and my examination of reports, video, and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my review of surveillance footage from the Convenience Store and my review of an interview of a store employee ("Victim-1") conducted by the New York City Police Department ("NYPD"), I learned the following:

  a. On or about November 30, 2020, at approximately 4:37 p.m., two masked individuals entered the Convenience Store. One of the individuals ("Perpetrator-1") was wearing a blue and white jacket, a dark hoodie and mask, and blue sunglasses. The other individual ("Perpetrator-2") was wearing a black jacket with a hood, and a dark colored hat and mask.

  b. Perpetrator-1 approached the cash register, where Victim-1 had just finished ringing up a customer, and said in sum and substance: "give me the money motherfucker I'll shoot you." As Perpetrator-1 did so, he pulled out a dark-colored pistol from his jacket pocket, "racked" the weapon, and fired a shot over Victim-1's shoulder into the glass window behind the cash register.

  c. As Victim-1 began to retrieve money from the cash register, Perpetrator-2 also brandished a gun and said, in sum

2

and substance, "give me the money, hurry up." Victim-1 gave Perpetrator-1 and Perpetrator-2 approximately $300, and the two individuals fled from the store.

2. Based on my review of NYPD records, I know that officers recovered one spent 9 millimeter shell casing (the "Shell Casing") from the floor of the Convenience Store.

3. Based on my review of NYPD records and video from officers' bodyworn camera, I also learned the following:

   a. On or about December 29, 2020, at approximately 12 p.m., officers observed DANGELO DAVIS, the defendant, walking between subway cars without authorization on a southbound C train in Brooklyn. When officers ordered DAVIS to stop, DAVIS began walking away from officers, and then resisted officers as they attempted to handcuff him.

   b. Officers recovered a loaded 9 millimeter pistol (the "Pistol") from DAVIS's waistband.

4. Based on my review of a January 22, 2021 NYPD Police Laboratory report, I know that ballistics data from the Shell Casing was compared to ballistics data from the Pistol using the National Integrated Ballistics Information Network ("NIBIN"), which resulted in a finding of a "presumptive investigative lead."

5. Based on my review of a March 17, 2021 NYPD Police Laboratory report, I know that an analyst performed a microscopic comparison of the Shell Casing against four test fires from the Pistol. This comparison determined that the Shell Casing was discharged from the Pistol.

6. A photograph of the Pistol (shown below on the left) appears to be consistent with the firearm used by Perpetrator-1 as depicted in surveillance from the Convenience Store (shown below on the right).



7.      Based on my review of a law enforcement photograph of DANGELO DAVIS, the defendant, I know that that the tattoo on DAVIS'S left hand (shown below on the left) resembles the tattoo depicted on the left hand of Perpetrator-1 in surveillance footage from the Convenience Store (shown below on the right):

 

8.      Rotated versions of the same images are shown below:



4

9.    Based on my review of NYPD bodyworn camera video from the arrest of DANGELO DAVIS, the defendant, on December 29, 2020, I know that DAVIS was wearing a black belt with interlocking gold-colored G-shaped hoops on the buckle (shown below on the left), which resembles the belt worn by Perpetrator-1 as depicted in surveillance footage from the Convenience Store (shown below on the right).

 

10.    Based on (i) the microscopic comparison finding that the Shell Casing was fired from the Pistol; (ii) the presence of the distinctive tattoo on the left hand of DANGELO DAVIS, the defendant, which also appears to be on Perpetrator-1's left hand; and (iii) the similar belt worn by DAVIS and Perpetrator-1, I believe that DAVIS is Perpetrator-1 and that DAVIS robbed the Convenience Store with another individual on November 30, 2020.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of DANGELO DAVIS, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ John Kaczor, by SDA with permission
_____
John Kaczor
Special Agent, ATF

Sworn to me through the transmission of this Affidavit by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 5th day of April, 2021

_____
THE HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK